UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:      -CIV-

OMAR PALMA,

    Plaintiff,

v.

AMERICAS MARINE MANAGEMENT
SERVICE, INC.
    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, OMAR PALMA (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant, AMERICAS MARINE MANAGEMENT SERVICE, INC. (hereafter referred to as "Defendant") and as grounds alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interest, costs, and attorney's fees for willful violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623, et. seq. ("ADEA"), the American with Disabilities Act of 1990, 42 U.S.C. Sec. 1211, et seq. ("ADA"), and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, et seq. ("FCRA") to redress injuries resulting from Defendant's unlawful, age and disability based discriminatory treatment of and retaliation against Plaintiff.

### PARTIES

2. Plaintiff, OMAR PALMA, is an adult, male resident of Miami-Dade County, Florida.

3. Defendant, AMERICAS MARINE MANAGERMENT SERVICE, INC., is a Florida Corporation, did at all material times, conduct substantial and continuous business in the Southern District of Florida. AMERICAS MARINE MANAGEMENT SERVICE, INC. is located at 3038 NW North Drive, Suite 140 Miami, Florida 33142.

4. Defendant was a "person" and/or "employer" pursuant to Florida Civil Rights Act of 1992, Fla. Stat. 760.01, et seq. since it employs fifteen or more employees for applicable statutory period; and it is subject to the employment discriminations provisions of the applicable statute, the FRCA.

5. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, et. seq.

6. At all times material hereto Defendant was an "employer" within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, et seq.

7. At all times material hereto Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760, et seq.

8. Plaintiff is an "employee" within the meaning of the ADEA.

9. Defendant is an "employer" within the meaning of the ADEA.

10. At all times material hereto, Plaintiff is an "employee" within the meaning of the ADA 42 U.S.C. Sec. 1211, *et seq*.

11. At all times material hereto, Defendant is an "employer" within the meaning of the ADA 42 U.S.C. Sec. 1211, *et seq*.

## JURISDICTION AND VENUE

12. This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§131, 1343, and 1367.

13. Venue is proper because the events/employment practices alleged in this Complaint to be unlawful were committed in Miami-Dade County, within jurisdiction of this Honorable Court.

14. Plaintiff filed a charge of discrimination against Defendant with the Equal Opportunity Commission (hereafter referred to as "EEOC") and the Florida Commission on Human Relations (hereafter referred to as "FCHR").

15. Plaintiff files this complaint within 90 days after receiving a Notice of Right to Sue from the EEOC.

16. All conditions precedent for the filing of this action before this Honorable Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

17. Plaintiff is currently a 54-year-old male.

18. On or about April of 2015, Plaintiff became employed by Defendant as a port engineer. Plaintiff's duties included conducting inspections and overseeing maintenance and repairs of cargo ships.

19. On or about April of 2018, Plaintiff began to experience pain in his right foot and left foot.

20. On or about March 3, 2019 Plaintiff was diagnosed with gout in both his right foot and left foot.

21. Plaintiff immediately notified his supervisor and Human Resources of his medical condition.

22. Plaintiff has a disability within the meaning of 42 U.S.C. §12102. Plaintiff's medical condition, gout substantially limits one or more major life activities, including his ability to walk.

23. On several occasions, Plaintiff used crutches at work to perform his duties.

24. Plaintiff's use of crutches did not impede Plaintiff's ability to perform the essential functions of a port engineer.

25. Plaintiff's use of crutches was a reasonable accommodation.

26. Defendant was aware that Plaintiff required a reasonable accommodation when he suffered a gout attack.

27. On or about April of 2019, when Plaintiff was 53 years-old, Defendant terminated all employees who were over the age of 50, including Plaintiff.

28. On or about April 23, 2019, as a result of Plaintiff's age and disability, Plaintiff was terminated by Defendant.

29. Plaintiff was qualified to do the job of port engineer. In his four years of employment with Defendant, Plaintiff never received any warning or disciplinary action for his work.

30. Plaintiff was replaced by a substantially younger person for the same position as Plaintiff.

31. Plaintiff was able to perform the essential functions of a port engineer with reasonable accommodations.

32. On or about April 26, 2019, Plaintiff filed a complaint with the Florida Commission on Human Relations.

33. On or about March 4, 2020, the U.S. Equal Employment Opportunity Commission issued a "Notice of Suit Rights" to Plaintiff.

34. As a result of Defendant's discriminatory and retaliatory treatment of Plaintiff based on his age and disability, Plaintiff has suffered damaged and was forced to retain undersigned counsel.

## COUNT I
## Age Discrimination in Violation of the ADEA

35. Plaintiff re-adopts each and every factual allegation stated in paragraphs 1-34 above as is set out in full herein.

36. Plaintiff is in the protected age category under the ADEA.

37. By the conduct described above, Defendant engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

38. Such discrimination was based upon the Plaintiff's age in that the Plaintiff would not have been the object of discrimination but for the fact of his age.

39. Defendant's conduct complaint of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of the Plaintiff's age was unlawful but acted in reckless disregard of the law.

40. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

41. Defendant retained the new and younger employee and did so despite the knowledge of engaging in discriminatory actions.

42. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damages.

43. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

44. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

45. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

46. The ADEA prohibits, 29 U.S.C. Sec. 623, et seq. prohibits employers from "refusing to hire or discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. Sec. 623.

47. Plaintiff was fully qualified to be employed by Defendant could perform all essential functions of the position held with Defendant.

48. Defendant is a covered employer to which the ADEA applies.

49. Defendant terminated and disqualified Plaintiff from employment because of Plaintiff's age.

50. As a result of Defendant's actions, Plaintiff suffered and will continue to suffer both economic and non-economic harm.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

    a. Adjudge and decree the Defendant has violated the ADEA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights.

    b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

    e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## AGE DISCRIMINATION IN VIOLATION OF THE FCRA

51. Plaintiff re-alleges and re-affirms Paragraphs 1-34 as is it fully set forth herein.

52. Plaintiff is a member of a protected age category under the FCRA.

53. By the conduct described above, Defendant engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

54. Such discrimination was based upon the Plaintiff's age in that the Plaintiff would not have been the object of discrimination but for the fact of his age.

55. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

56. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

57. Defendant retained the new, younger employees, trained by Plaintiffs and did so despite the knowledge of engaging in discriminatory actions.

58. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

59. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

60. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

61. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant.

   a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

    b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and pre-judgment interest at amounts to be provided at trial for the unlawful employment practices described herein.

    c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

    e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

62. Plaintiff re-alleges and re-affirms Paragraphs 1-34 as is it is fully set forth herein.

63. Plaintiff is a member of a protected class under the ADA.

64. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected Plaintiff to disability-based animosity.

65. Such discrimination was based upon the Plaintiff's disability in that the Plaintiff would not have been the object of discrimination but for the fact of her medical condition.

66. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

67. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

68. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

69. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

70. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

71. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

72. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

73. The American with Disabilities Act, 42 U.S.C. Sec. 12101, et seq., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge or employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. Sec. 12112.

74. Plaintiff was fully qualified to be employed by Defendant and could perform all the essential function of the position held with Defendant.
75. Defendant is a covered employer to which the ADA applies.
76. Defendant terminated and disqualified Plaintiff form employment because of Plaintiff's disability.
77. Defendant made no individualized assessment to determine whether Plaintiff could perform the essential functions of the job and be employed by Defendant, or whether a reasonable accommodation would enable him to be employed by Defendant, as required under the ADA.
78. Defendant's termination and disqualification of Plaintiff on the basis of her disability and Defendant's failure to make an individualized assessment to determine whether Plaintiff could be employed or whether a reasonable accommodation would enable him to be employed by Defendant violated the ADA.
79. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer both economic and non-economic harm.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree the Defendant has violated the ADA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights;
   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;
   c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
## DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA

80. Plaintiff re-alleges and re-affirms Paragraphs 1-34 as is it is fully set forth herein.

81. Plaintiff is a member of a protected class under the FCRA.

82. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

83. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff suffered a work-related injury/medical condition.

84. Defendant's conduct complained of herein is willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

85. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

86. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

87. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

88. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

89. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice and reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law to punish the Defendant for its actions and to deter it, and others from such action in the future.

90. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and pre-judgment interest at amounts to be provided at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
## RETALIATION IN VIOLATION OF THE ADA

91. Plaintiff re-alleges and re-affirms Paragraphs 1-34 as is it is fully set forth herein.

92. Plaintiff is a member of a protected class under the ADA.

93. By the conduct described above, Defendant retaliated against Plaintiff for exercising rights protected under the ADA.

94. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

95. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

96. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived Plaintiff of statutory rights under federal law.

97. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant

to federal law, to punish the Defendant for its actions and to deter it, and others from such action in the future.

98. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices and until this honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree the Defendant has violated the ADA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

   e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
## RETALIATION IN VIOLATION OF THE FCRA

99. Plaintiff re-alleges and re-affirms Paragraphs 1-34 as is it is fully set forth herein.

100.   Plaintiff is a member of a protected class under the FCRA

101.   By the conduct described above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA

102.   Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that

discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

103. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

104. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived Plaintiff of statutory rights under federal law.

105. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others from such action in the future.

106. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices and until this honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree the Defendant has violated the FCRA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Respectfully submitted

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088

By: _____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223